IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAVON HENRY GARDNER                                                                      PLAINTIFF

v.                                         Civil No. 6:20-CV-06007

WARDEN EMSWELLER, DEPUTY                                                               DEFENDANTS
WHITE, A. RUH, (Chief of Security),
LIEUTENANT R. STROTHER, SERGEANT
BUKLAND, OFFICER STEPHENS,
SERGEANT MORGAN, and LIEUTENANT
JACKSON (all of Arkansas Community
Correction Omega Center)

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any Complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I. BACKGROUND**

Plaintiff filed his Complaint on January 23, 2020. (ECF No. 1). He alleges his constitutional rights were violated during his incarceration in the Arkansas Community Correction Omega Center ("ACCOC"). (*Id*. at 2). Plaintiff alleges that he suffered cruel and unusual punishment from December 5, 2019, through January 4, 2020. (*Id*. at 6). Specifically, he alleges his mat and blanket were removed from his cell from 7:00 am to 7:00 pm each day, which forced

1

him to sleep on a "hard cold steel bunk" for 12 hours a day. Plaintiff alleges this has caused him neck and back pain, and he informed staff of these medical issues. (*Id*. at 7). Plaintiff attached an ACCOC complaint form to his Complaint. In this form he states that he has been in segregation since November 27, 2019. He states that his mat and blanket have been taken, causing him neck and back pain from sleeping on a cold metal rack. He further states that his cell has not been cleaned for "weeks at a time" and his mat is returned "without being sanitized." (*Id*. at 4). The ACCOC staff response on the form states that the mat was removed during the day because Plaintiff was on disciplinary detention. The response further states that his cell was cleaned on December 27, 2019. (*Id*. at 4). Plaintiff alleges the policy of ACCOC is to inflict cruel and unusual punishment on inmates. (*Id*. at 8).

Plaintiff also alleges that inmates in segregation were denied the opportunity to shower from December 14th through December 19th of 2019. (*Id*. at 12). He alleges that inmates were again denied the opportunity to shower from January 5th through January 7th of 2020. (*Id*. at 11).

Plaintiff proceeds against all Defendants in both their official and personal capacities. (*Id*. at Plaintiff seeks compensatory and punitive damages. (*Id*. at 14).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted

2

sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

Plaintiff's allegations do not state a claim of constitutional dimension. "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *Cty. of Sacramento v. Lewis,* 523 U.S. 833 (1998) (citation omitted). The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. Detention centers must provide pretrial detainees with "reasonably adequate sanitation, personal hygiene, and laundry privileges . . ." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012) (quoting *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989)). The Eighth Amendment also prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities. *Smith v. Copeland,* 87 F.3d 265, 268 (8th Cir. 1996); *see also Hall v. Dalton,* 34 F.3d 648, 650 (8th Cir. 1994) ("[I]n this circuit, the standards applied to Eighth Amendment and Fourteenth Amendment claims have been the same.").

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir. 2004) (citing *Wilson v. Seiter,* 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels,* 382 F.3d at 875 (citations

and internal quotation marks omitted). Deliberate indifference is established when the Plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Id*. The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). As is the case with all Eighth Amendment claims, a prisoner must suffer some actual injury in order to receive compensation. This injury must be greater than *de minimis*. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008).

Plaintiff's allegations fail to meet the objective first prong of the Eighth Amendment violation standard.

Plaintiff alleges his sleeping mat and blanket were removed during non-sleeping, daylight hours. He does not allege that he had been prescribed an all-day mat for a medical condition or that he had been instructed to lie down during the day by a medical professional. The Court is not aware of any authority in this or any other Circuit which requires inmates without specific medical needs to be permitted access to a sleeping mat twenty-four hours a day. *See Jones v. Gentle*, Case No. 6:18-CV-06064, 2019 WL 4059187, *4 (W.D. Ark. Aug. 28, 2019) (removal of sleeping mat from 7:00 am to 9:00 pm daily was not a constitutional violation); *Vega-Sanchez v. McElroy*, Case No. 5:16-CV-05037, 2017 WL 3891668, *3 (W.D. Ark. Sept. 6, 2017) (denial of an all-day sleeping mat to an inmate with a broken rib was not a constitutional violation when the inmate was not prescribed an all-day mat or instructed to lie down during the day); *Burgess v. Hobbs*, Case No. 5:11CV00076 JMM/HDY, 2011 WL 1584316, *3 (E.D. Ark., Apr. 12, 2011) (removal of sleeping mat from 7 a.m. to 7 p.m. for the limited time period of thirty days was not an Eighth Amendment violation); *Pate v. Mathes*, 2:14-CV-150, 2014 WL 3784325, at *3 (E.D. Tenn. July

31, 2014) ("Here, plaintiff was furnished a mattress and blanket for sleeping purposes, and the Court has found no authority for the premise that a mattress and blanket must be furnished 24 hours a day, seven days a week, or that the Constitution precludes an inmate from sitting on a cold concrete slab. . .").

Plaintiff also alleges he was denied the opportunity to shower for five days in December 2019 and two days in January 2020. The Eighth Circuit has held that the denial of shower privileges, for a short period of time, does not constitute an Eighth Amendment violation. *See Abernathy v. Perry,* 869 F.2d 1146, 1149 (8th Cir. 1989) (providing an inmate with only two showers per week was not an Eighth Amendment violation); *Johnson v. Norris*, 2:08CV00052 JTR, 2008 WL 2952015, at *3 (E.D. Ark. July 29, 2008) ( no violation where Plaintiff was denied a shower for only eight days); *Jones v. Houston,* Case No. 4:06CV03314, 2007 WL 3275125, *8 (D. Neb. Nov. 2, 2007) (denial of showering privileges for thirteen days was not an Eighth Amendment violation); *McCoy v. Goord*, 255 F. Supp. 2d 233, 260 (S.D.N.Y. 2003) ("a two-week suspension of shower privileges does not suffice as a denial of 'basic hygienic needs'").

Plaintiff alleges his cell was not cleaned frequently and his mat was not sanitized each day. He does not allege, however, that he asked for and was denied cleaning supplies to remedy his concerns about his cell and mat. *See Tokar v. Armentrout*, 97 F.3d 1078, 1082 (8th Cir. 1996) (although Plaintiff alleged filthy toilets, the court found it important to the Eighth Amendment analysis that he never asked for cleaning supplies). Nor does Plaintiff allege that he became ill or suffered any other negative physical consequence due to the condition of his cell or mat. *See Irving*, 519 F.3d at 448 (As is the case with all Eighth Amendment claims, a prisoner must suffer some actual injury in order to receive compensation.).

Thus, Plaintiff's allegations concerning his sleeping mat and blanket, shower privileges, and the cleanliness of his cell fail to state a plausible claim for violation of his constitutional rights.

## IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE.  The dismissal of this action should constitute a "strike" under 28 U.S.C. § 1915(g), and it is recommended that the Clerk be directed to place a § 1915(g) strike flag on the case.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **18th day of March 2020**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE